IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| SCOTT ALLDER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:24-CV-144-RWS-JBB |
| § | |
| BUREAU VERITAS OF NORTH AMERICA § | |
| and STEVE BARTON, § | |
| § | |
| Defendants. § | |

## ORDER

The above-captioned action was heretofore referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636. On March 5, 2025, the Magistrate Judge issued a report and recommendation, recommending Plaintiff's above-captioned action be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to effect service of process. Docket No. 10.

Plaintiff Scott Allder, proceeding *pro se*, received a copy of the Report and Recommendation via electronic notice on March 5, 2025, but filed no objections. *See* Docket Nos. 6, 10. Because no objections have been received, Plaintiff is barred from de novo review by the District Judge of the Magistrate Judge's proposed findings, conclusions, and recommendations. Moreover, except upon grounds of plain error, an aggrieved party is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

Although the Plaintiff has not filed any objections, on March 20, 2025—one day after the deadline to file objections elapsed—Plaintiff filed a handwritten notice on the docket, explaining

that "as of immediately [he] do[es] not have access to email due to a computer update malfunction." Docket No. 11. Plaintiff's notice includes a handwritten date next to his signature: "3-20-25." *Id.* Plaintiff further explained that all communication with the Court would be via mail until he recovered his email. *Id.* Plaintiff's notice does not mention the Report and Recommendation, and Plaintiff does not contend that Plaintiff did not have access to the Report and Recommendation during the timeframe to file objections. Plaintiff's notice only states that Plaintiff lost email access "as of immediately" a day after the deadline to file objections. Accordingly, Plaintiff's notice does not establish that Plaintiff did not have notice of the Report and Recommendation, and Plaintiff's notice does not set forth any objections to the Report and Recommendation.

The Court, having reviewed the Report and Recommendation, is of the opinion that the findings and conclusions of the Magistrate Judge are correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (explaining that when no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). Therefore, the Court hereby adopts the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of the Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's above-captioned action is **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process.

**So ORDERED and SIGNED this 17th day of April, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE